UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID TUTTLE,
    *Plaintiff*,

v.

SCOTT SEMPLE, *et al.*,
    *Defendants*.

No. 3:17-cv-02099 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff David Tuttle has filed this *pro se* complaint that principally alleges that he was denied access to the courts and faced harassment and retaliation for filing grievances and complaints against various prison officials. After an initial review, I conclude that the complaint should proceed on plaintiff's retaliation claim against Officer Johnson and be dismissed as to the remaining defendants and claims.

BACKGROUND

Plaintiff has filed this lawsuit against the Connecticut Department of Correction's Commissioner Scott Semple, Warden William Faneuff, District Administrator Edward Maldonado, Counselor Supervisor Davis, Counselor Magiafico, and Correction Officer Johnson.[*]

Plaintiff was originally convicted and sentenced in Massachusetts before being transferred in 2012 to Connecticut in accordance with an arrangement under an interstate corrections compact. In late January 2017, he was transferred from the Corrigan Correctional Institution to Northern Correctional Institution (NCI) as a result of an adverse decision in a

---

[*] I have recently ruled on two other complaints filed by plaintiff. *See Tuttle v. Semple*, 2018 WL 705004, at *1 (D. Conn. 2018); *Tuttle v. Semple*, 2017 WL 5711397 (D. Conn. 2017).

1

disciplinary hearing. On January 16, 2018, plaintiff filed a notice of change of address to a jail facility in Massachusetts. The allegations of this complaint relate solely to the treatment he received while at NCI.

While plaintiff was housed in NCI, Counselor Magiafico and Counselor Supervisor Davis confiscated his legal papers and refused to provide him with photocopies, writing paper, and legal envelopes. Plaintiff composed three legal motions related to his post-convictions proceedings in Massachusetts. On March 24, 2017, he gave those motions to Counselor Magiafico and asked that they be photocopied. Magiafico denied plaintiff's request and never returned his written motions. Thereafter, plaintiff rewrote all three motions. On March 30, he again asked Magiafico to photocopy them and requested legal envelopes. Once again, Magiafico confiscated the papers and refused plaintiff's requests for photocopies or legal envelopes. After his papers were confiscated for the second time, plaintiff filed several complaints, request forms, and letters to Warden Faneuff, Officer Johnson, and Commissioner Semple regarding Magiafico's behavior. Most of these complaints were ignored. Doc. #1 at 5-7 (¶¶ 12-16).

On May 24, 2017, plaintiff requested legal envelopes and photocopies of other legal motions, letters, and court transcripts that he intended to send to the Superior Court in Springfield, Massachusetts. His papers were never returned, and he was "denied" by Counselor Supervisor Davis. Plaintiff then filed two administrative grievances against Counselor Magiafico and Counselor Supervisor Davis, claiming that they were denying him legal envelopes and photocopies of legal papers, confiscating his legal papers, and preventing him from accessing the Massachusetts courts. Warden Faneuff denied both grievances. Plaintiff filed two appeals to District Administrator Maldonado, both of which were denied. Since April 2017, plaintiff has filed approximately eleven grievance appeals. Officer Johnson, the grievance coordinator,

interfered and presented deliberately presented false and misleading information and prevented most of the grievances from being processed. *Id.* at 7-8 (¶¶ 17-20).

On June 22, 2017, plaintiff again gave Counselor Magiafico legal paperwork to photocopy. Counselor Magiafico denied plaintiff's request and did not return the original documents. Plaintiff filed another grievance against Magiafico on August 15, 2017, for staff misconduct, harassment, retaliation, and denial of access to the courts. Warden Faneuff denied the grievance, and the appeal was also denied. *Id.* at 8-9 (¶¶ 21-23).

Plaintiff explained to Counselor Supervisor Davis on several occasions that she must make photocopies of his legal paperwork because they were required to support his legal motions, legal pleadings, and appeals to the Freedom of Information Commission. He also wrote letters to Davis, Semple, Faneuff, and Magiafico explaining that he had pending post-conviction criminal matters in Massachusetts and that he needed access to legal envelopes, law books, and photocopying. Defendants told him to contact the Inmate Legal Aid Program for assistance. Plaintiff explained to those defendants that the Inmate Legal Aid Program does not assist inmates with criminal matters and that their actions were violating the Interstate Corrections Compact between Massachusetts and Connecticut. As a result of all of the defendants' actions, plaintiff "lost any chance he had of even being able to file his three post-conviction motions in a timely manner, and [he] suffered actual injury." *Id.* at 9-10 (¶¶ 24-28).

Plaintiff asked Officer Johnson for copies of grievances that he had filed while housed at Corrigan Correctional Institution that he believed were not responded to within the proper time frame. Officer Johnson refused to send him copies and claimed that all his grievances were acted upon, responded to, and had already been given to plaintiff. Plaintiff alleges that these claims were false. Plaintiff therefore lacked the necessary attachments required to file administrative

appeals, and Officer Johnson refused to process the appeals. This, in turn, prevented plaintiff from exhausting his administrative remedies as to those appeals. *Id.* at 11 (¶¶ 30-32).

Plaintiff filed several grievances, and Officer Johnson did not provide plaintiff with the receipts or return the original paperwork or provide copies of the paperwork or supporting attachments. Plaintiff sent letters to Semple, Faneuff, and Maldonado about Johnson's behavior, but they never took any action in response. *Id.* at 12 (¶¶ 33-34).

On June 8, 2017, Officer Johnson entered plaintiff's cell while plaintiff was in the shower and confiscated several legal motions and letters. Plaintiff submitted an inmate request form to the unit manager explaining what Johnson had done. The unit manager responded several days later stating that plaintiff's claim could not be substantiated. Plaintiff also filed a grievance against Johnson, but Warden Faneuff denied the grievance and stated that Johnson did not remove anything from plaintiff's cell. Administrator Maldonado subsequently denied plaintiff's appeal from Faneuff's decision. *Id.* at 12-13 (¶¶ 35-38).

On July 3, 2017, Johnson returned to plaintiff's cell and attempted to push some papers through his cell door. He told plaintiff that if he filed any more grievances he was going to throw them in the trash and make sure that plaintiff did not get any receipts for them. On August 22, 2017, Johnson once again entered plaintiff's cell while plaintiff was showering and stole a pair of headphones and several copies of grievances and legal letters. Plaintiff filed a request form and a grievance but never received a response. He believes that Semple, Maldonado, and Faneuff permitted Johnson to continually harass him and interfere with his right to file grievances. *Id.* at 13-14 (¶¶ 39-41).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Plaintiff has brought his claims against each of the five defendants in both their personal and official capacities. Because each of the defendants is an employee of the State of Connecticut, plaintiff's official-capacity claims against them for money damages are plainly barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In addition, because plaintiff has now been transferred to another prison facility outside Connecticut, his request for injunctive relief is moot. All that remains for me to consider are his claims against the defendants in their personal capacities for money damages.

### *Denial of Access to Courts*

"Prisoners have a constitutional right of access to the courts that may not be unreasonably obstructed by the actions of prison officials." *Baker v. Weir*, 2016 WL 7441064, at *2 (D. Conn. 2016) (citing *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986)). To state a claim for denial of access to the courts, a plaintiff must demonstrate that he suffered an actual injury, *see Lewis v. Casey*, 518 U.S. 343, 353 (1996)—that is, he must allege that "defendant's conduct deprived him or her of an opportunity to press some nonfrivolous and arguable legal claim in court." *Brown v. Choinski*, 2011 WL 1106232, at *5 (D. Conn. 2011). What this means is that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation," and "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 415, 416 (2002).

A plaintiff must describe "the predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Ibid.* In this manner, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18 (footnote omitted).

Here, the complaint falls short of plausibly alleging a claim. Plaintiff alleges that prison staff confiscated his legal papers, and refused to provide photocopies or legal envelopes. He asserts that his legal materials were filings in connection with his post-conviction proceedings in

6

Massachusetts and that, due to defendants' actions, he was unable to file his "three post-convictions motions in a timely way" and therefore suffered "actual injury." Doc. #1 at 10. Plaintiff does not explain the nature of his post-conviction proceedings or otherwise describe his claims in a manner that would allow this Court to apply the test outlined above to determine that his Massachusetts actions were not frivolous.

Because plaintiff's claim of denial of access to the courts has not been adequately pleaded, I will dismiss this claim without prejudice. If plaintiff believes that he is able to allege specific facts concerning any underlying cause of action that was impeded and to show that this action would not have been frivolous, then plaintiff may file an amended complaint within 30 days to allege a claim for denial of his constitutional right of access to the courts.

### *First Amendment Retaliation*

Plaintiff alleges that Counselor Magiafico, Counselor Supervisor Davis, and Officer Johnson retaliated against him for filing complaints and grievances by refusing to provide photocopies or legal envelopes and confiscating papers. He further alleges that Officer Johnson retaliated against him for filing grievances by preventing him from filing further grievances, making threats, confiscating his legal documents, and stealing personal property from his cell.

To establish a First Amendment retaliation claim, a plaintiff must allege facts showing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). Further, courts treat prisoner retaliation claims "with

7

skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Id.* at 352; *Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (same).

Plaintiff has adequately alleged a First Amendment retaliation claim against Officer Johnson. He alleges that he filed several complaints and grievances in connection with the actions of various staff members regarding his legal paperwork, which is clearly constitutionally protected activity, and that Johnson took adverse action against him as a result, specifically, stealing his personal items from his cell and interfering with plaintiff's ability to file grievances. Plaintiff also alleges that Johnson threatened to dispose of any additional grievances that plaintiff filed and prevent him from obtaining any receipts. Johnson's alleged actions could be reasonably construed as an act of retaliation for plaintiff's filing of grievances.

By contrast, plaintiff has not stated sufficient factual allegations to support a retaliation claim against Counselor Magiafico or Counselor Supervisor Davis. Even assuming confiscating his legal paperwork and denying him legal assistance would constitute sufficient adverse action, plaintiff has not alleged any facts to plausibly show that these actions were committed in retaliation for any constitutionally protected activity.

### *Supervisory Liability*

Plaintiff's claims against Commissioner Semple, Warden Fanueff, and District Administrator Edward Maldonado rest on their denials from plaintiff's various administrative appeals and lack of response to his letters detailing his complaints. But he has failed to allege sufficient facts to show that they were personally involved in any deprivation of his constitutional rights. *See Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (noting that

8

"liability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each government defendant."). Courts have held that "a supervisory official's act of affirming the denial of a grievance on appeal does not constitute personal involvement." *Young v. Choinski*, 15 F. Supp. 3d 172, 191 (D. Conn. 2014). Similarly, a "failure to respond to a letter of complaint does not constitute the personal involvement necessary to maintain a section 1983 claim" *Richardson v. Dep't of Corr.*, 2011 WL 710617, at *3 (S.D.N.Y. 2011). Accordingly, I will dismiss all claims against Commissioner Semple, Warden Fanueff, and District Administrator Edward Maldonado.

## CONCLUSION

Because the Court concludes that plaintiff's complaint only alleges one plausible claim against one defendant, Officer Johnson, the Court will grant plaintiff the opportunity to file an amended complaint in this case if he believes he can state a plausible claim of denial of access to the courts. If he chooses to file an amended complaint restating his claim for denial of access to the courts, plaintiff must explain in detail how the actions of each defendant caused him actual injury according to the principles set forth above. If plaintiff does not file an amended complaint within **thirty (30) days** of the date of this order, the case will proceed only on the retaliation claim against Officer Johnson, and the Court will direct the Clerk of Court to effect service accordingly.

It is so ordered.

Dated at New Haven, Connecticut this 6th day of March 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge